IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                   **CAUSE NO. 1:20CR3-LG-RHWR**
                                                                                        **and 1:21CR131-LG-RHWR-1**

**CASEY LUKE BLACKMON**

### ORDER DENYING MOTIONS TO WITHDRAW PLEA OF GUILTY AND DENYING MOTIONS TO PROCEED PRO SE

**BEFORE THE COURT** is the [59] Motion to Withdraw Plea of Guilty filed, through counsel, by Defendant Casey Luke Blackmon, as well as the *pro se* [60] Motion to Withdraw Plea of Guilty and Motion to Proceed Pro Se, under Docket No. 1:20-cr-3. Blackmon has also filed a *pro se* [12] Motion to Withdraw Plea of Guilty and Motion to Proceed Pro Se, under Docket No. 1:21-cr-131. The *pro se* Motions in both dockets are identical to one another. After a hearing on the Motions, the Court finds that the Motions to Withdraw Plea of Guilty and the Motions to Proceed Pro Se should be denied.

### BACKGROUND

On January 15, 2020, under Docket No. 1:20-cr-3, Blackmon was indicted for (count one) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (count two) possession of a firearm by a criminal, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); and (count three) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On May 27, 2021, Blackmon pled guilty to count two of the indictment in an open plea

1

agreement, with the remaining counts to be set for jury trial. The Court notes that Blackmon was represented by Mr. James Halliday during his plea hearing. For reasons stated in the record, Mr. Halliday later withdrew from the case. Ms. Leilani Tynes, from the Office of the Federal Public Defender, represented Blackmon thereafter.

In the same case, on July 13, 2021, a superseding indictment was issued, indicting Blackmon of (superseding count one) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (superseding count two) possession with intent to distribute methamphetamine, in violation of the same; (superseding count three) possession with intent to distribute hydrocodone, in violation of the same; and (superseding count four) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On November 18, 2021, Blackmon, through counsel, filed a [59] Motion to Withdraw Guilty Plea regarding count two of the first indictment filed in this case.

On November 15, 2021, under Docket No. 1:21-cr-131, Blackmon was charged with two counts in a bill of information, viz. (count one) possession of a firearm by a criminal, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); and (count two) interstate travel to promote unlawful activities, in violation of 18 U.S.C. § 1952(a)(3). On November 18, 2021, Blackmon entered a plea of guilty on both counts. The record reflects that Blackmon's attorney, Ms. Tynes, did not file a motion to withdraw guilty plea on his behalf.

On February 3, 2022, Blackmon contemporaneously filed identical *pro se* Motions to Withdraw Guilty Plea under both dockets. In Blackmon's Motions, he seeks to "withdraw [his] plea and proceed with trial" and to "proceed pro se." A hearing on all the pending Motions was held on February 16, 2022.

## DISCUSSION

Pursuant to Fed. R. Crim. P. Rule 11(d)(2)(B), a district court may grant a motion to withdraw guilty plea before sentencing if the defendant shows a "fair and just reason." There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). The Court has broad discretion in deciding whether to permit a defendant to withdraw a guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation omitted).

To determine whether a defendant may withdraw a guilty plea prior to sentencing, the Court must consider the following *Carr* factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *See id.* at 343-44. The Court is not

3

required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are to be considered for the totality of the circumstances, and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524. After reviewing the evidence presented and the record, the Court finds that the *Carr* factors do not weigh in Blackmon's favor.

The Court first notes that Blackmon delayed in filing his motion to withdraw his guilty plea. In *Carr*, the Fifth Circuit found a delay of 21 days before filing a motion to withdraw guilty plea weighed against a defendant's ability to withdraw his plea. 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* Blackmon entered his plea of guilty on May 27, 2021, in Docket No. 1:20-cr-3, and on November 18, 2021, under Docket No. 1:21-cr-131. Defendant, through counsel, filed a [59] Motion to Withdraw Plea of Guilty on November 18, 2021, in relation to the May 27 plea. Defendant's *pro se* Motions as to both cases were not filed until February 3, 2022. Nonetheless, under the reasoning in *Carr* and its progeny, the Court finds that Blackmon delayed in filing his Motions. *See also United States v. Blancarte*, No. 4:09-cr-23, 2010 WL 1524783, at *3-4 (E.D. Tex. Mar. 26, 2010) (finding a two-month delay in filing a motion to withdraw guilty plea strongly favors denying the motion).

The Court also finds that Blackmon was provided close assistance of counsel. In his Motions, Blackmon asserts that Ms. Tynes misled him concerning the likelihood of success at trial and the length of his sentence. As an initial matter, the Fifth Circuit has determined that close assistance of counsel under Rule 11 and "'constitutionally ineffective assistance of counsel are distinct issues.'" *Id.* at *4 (quoting *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009)). "Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether [Blackmon] was denied close assistance of counsel." *Blancarte*, 2010 WL 1524783, at *4 (citing *McKnight*, 570 F.3d at 646). Whether Blackmon received close assistance of counsel "'requires a fact-intensive inquiry.'" *Blancarte*, 2010 WL 1524783, at *4 (quoting *McKnight*, 570 F.3d at 646). Here, Blackmon previously admitted at the plea hearings that he was pleased with his attorneys' assistance as counsel. Blackmon also readily admitted to having understood the open plea agreement in Docket No. 1:20-cr-3, as well as having thoroughly reviewed the written plea agreement with his lawyer before entering his guilty plea in Docket No. 1:21-cr-131. Thus, the Court finds that Blackmon was not without assistance of adequate counsel in agreeing to plead guilty.

Next, the Court finds that Blackmon's plea was knowing and voluntary. "For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). The defendant "must have notice of the nature of the charges

5

against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving." *Blancarte*, 2010 WL 1524783, at *5 (citing *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000)). To be voluntary, the guilty plea must "not be the product of 'actual or threatened physical harm or . . . mental coercion.'" *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)). In both cases, the Court informed Blackmon of the nature and consequences of his guilty plea. The Court informed Blackmon of the rights he was giving up by pleading guilty, the potential sentences he faced, and the specific elements of the crimes. He was further advised that by entering a plea he was waiving his right to trial and all rights that are associated with trial. The Government also read aloud the evidence it intended on using in each respective case, should the cases have gone to trial. Blackmon stated that he understood the evidence against him. The Court therefore determined in each case that Blackmon was competent and fully capable of entering an informed plea. Thus, Blackmon's pleas were knowing and voluntary.

The Court notes that Blackmon asserts his innocence as to the underlying facts to which he pled. While this factor favors Blackmon under *Carr*, the remaining factors weigh against Blackmon. Given the time between the plea hearing and the instant Motions, the Court finds that granting Blackmon's Motions to Withdraw Plea of Guilty would substantially inconvenience the Court. *See United States v. Estrella*, No. MO-13-cr-222, 2014 WL 11515885, at *3 (W.D. Tex. June 18, 2014). Withdrawal would also waste judicial resources. *See id.* These

factors weigh against Blackmon. The Court also finds that the Government would suffer prejudice if the withdrawal motions were granted. Therefore, the Court finds Blackmon's claims unfounded. The Motions to Withdraw Plea of Guilty must be denied. As to the Motions to Proceed Pro Se, those Motions are denied for the reasons stated on the record.

## CONLCUSION

After a review of the record and applicable law, the Court finds that Blackmon's Motions to Withdraw Plea of Guilty should be denied. For the reasons stated on the record, the Motions to Proceed Pro Se are also denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [59] Motion to Withdraw Plea of Guilty and the *pro se* [60] Motion to Withdraw Plea of Guilty and accompanying Motion to Proceed Pro Se, under Docket No. 1:20-cr-3, are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the *pro se* [12] Motion to Withdraw Plea of Guilty and accompanying Motion to Proceed Pro Se, under Docket No. 1:21-cr-131, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE